**Michael Paul REMLER; Pauline M. Velez, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 06–72128.

United States Court of Appeals, Ninth Circuit.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 22, 2007.*

Filed Nov. 20, 2007.

Michael Paul Remler, Berkeley, CA, pro se.

Pauline M. Velez, Berkeley, CA, pro se.

Lynne L. Glasser, Donald L. Korb, Acting Chief Counsel, Internal Revenue Service, Marion E.M. Erickson, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW, and IKUTA, Circuit Judges.

MEMORANDUM **

Michael Paul Remler and his wife Pauline M. Velez, appeal pro se from the tax court's judgment in favor of the Commissioner of Internal Revenue holding that the Internal Revenue Service properly issued a notice of deficiency for tax years 1999 and 2000 because petitioners were not entitled to claim as deductions monies spent on the special education of their autistic child because it was not a bona fide business activity entered into for profit. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review for clear error the issue of whether a taxpayer engages in an activity with the requisite intent of making a profit. *Wolf v. CIR*, 4 F.3d 709, 712–13 (9th Cir.1993). We affirm.

The tax court did not err by determining petitioners did not engage in the special education of their son with the primary intent of making a profit as defined by 26 U.S.C. § 183 after carefully analyzing nine factors and finding petitioners satisfied only one. *See* Treas. Reg. § 1.183–2(b) (stating the nine factors to be considered when assessing whether an activity is engaged in for profit); *Hill v. CIR*, 204 F.3d 1214, 1218 (9th Cir.2000) (tax court's determination that petitioners lacked a profit motive after application of section 1.183–2(b) factors was not clearly erroneous despite demonstration of the potential for profit).

Moreover, petitioners' contention that the tax court erred by failing to apply the Individuals with Disabilities in Education Act ("IDEA") to their case is unavailing because their IDEA reimbursement did not establish that they engaged in the special education of their son for profit

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

during the tax years at issue. *See* 26 U.S.C. § 183 (prohibiting deductions when activity is not engaged in for profit).

Petitioners' remaining contentions are also unpersuasive.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.